## Orlie Hill, Appellee, v. Terre Haute Brewing Company, Appellant.

1. LANDLORD AND TENANT, § 317*—*when plea in action for rent is insufficient.* Where, in an action for rent upon a lease of premises to be used for dramshop purposes, a plea was filed setting up that since the execution of said lease it had become unlawful to sell intoxicating liquors in that territory by reason of a vote of the people of the town making said territory "dry," *held* that such plea did not present any defense to such action or any question of eviction, as it did not allege a surrender or offer to surrender the premises.

2. LANDLORD AND TENANT, § 317*—*when plea in action for rent relying upon constructive eviction of defendant is insufficient.* A plea in an action for rent which relies upon a constructive eviction of defendant is bad if it fails to show a surrender of the premises.

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

DAVIS, BOGART & ROYSE and LAYMAN & JOHNSON, for appellant.

W. P. SEEBER, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The appellant filed a plea to the declaration denying liability, to which plea a demurrer was interposed, demurrer sustained and the appellant elected to stand by its plea, whereupon judgment was rendered in favor of appellee in the amount of $1,080 and costs of suit, to reverse which this appeal is prosecuted.

The declaration in this case alleges that on May 12, 1913, the appellee leased to the appellant the Doctor Summers property, located in Block 27, West Frankfort, Illinois, for a period of two years for a monthly rental of $90 per month, payable on the first day of

each month during said period, and alleges that the defendant by its said lease agreed to pay to the plaintiff the said monthly rental of $90, and then alleges the sum of $2,000, the rent agreed to be paid, became due and is still due and in arrears and that the defendant has refused to pay the same, to the damage of the plaintiff of $2,000. Attached to this declaration is a copy of the lease, setting forth the rental of the property as aforesaid for saloon purposes, for the term of two years from June 1, 1913, to June 1, 1915, and the agreement upon the part of the lessee to pay as rent therefor $90 per month. The lease also contains the following clause: "The lessee agrees to furnish lessor an indemnifying bond, which will secure the lessor from any and all loss or damage as a result of a dram-shop being conducted in said building." Also provides that the lessor shall keep the premises in good repair. To this declaration the defendant filed the following plea: "And the defendant, by Davis, Bogart and Royce, and Layman & Johnson, its attorneys, comes and defends the wrong and injury, etc., and says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the property in said declaration mentioned, viz.: 'The Doctor Summers property, located on West Main street, in Block 27, in the original plat of West Frankfort, Franklin county, Illinois,' was and is located in the Town of Denning, in said Franklin county. That at the time of the execution of the lease in said declaration mentioned, it was lawful for persons to sell, in the said Town of Denning, intoxicating liquor when legally licensed so to do. That afterwards, at an election held on the first Tuesday in April, A. D. 1914, in said Town of Denning, there was submitted to the legal voters of said town the following proposition: 'Shall the Town of Denning become anti-saloon territory'? and the majority of the legal voters voting at said election voted

'Yes' on said proposition. That by virtue of the provisions of the statute of the State of Illinois, relative thereto, it became unlawful to sell intoxicating liquor in said Town of Denning the 30th day after said election so held on the first Tuesday in April, A. D. 1914. That, since the expiration of said thirty days after the aforesaid election, it has been impossible for defendant to use said premises for saloon purposes as provided in said lease. That the rent under and by virtue of the lease in said declaration mentioned has been paid to and including the thirtieth day after said election. And this the defendant is ready to verify. Therefore, it prays judgment if the plaintiff ought to have his aforesaid action against him.'' To this plea the appellee filed a demurrer which was sustained by the judgment of the court, and the appellant having elected to stand by its plea, judgment was rendered for the appellee for the balance of rent due upon said lease.

The appellant contends that the court erred in sustaining the demurrer to its plea for the reason that while it was lawful to sell intoxicating liquors in the Town of Denning at the time the lease was entered into, that before the lease had expired the Town of Denning had become local option territory and it became unlawful to sell liquors in said town or in said building, and that the purpose for which the building had been leased had failed by operation of law and by reason thereof the contract was terminated and no liability existed upon the part of appellant to pay the rent specified in the lease. There was some argument presented by counsel for appellant and for appellee as to the meaning of the word ''saloon'' specified in the lease, but we have no doubt that the purpose of the lease was to permit appellant to keep in said building a dramshop wherein intoxicating liquors could be sold.

Upon the proposition as to the effect that an election changing the territory from that in which a dramshop

was permitted to be operated, to territory prohibiting the operation of a dramshop, many authorities have been cited by counsel for both sides. We have examined most of these authorities and find that quite a respectable number sustain the contention of appellant, holding that where there has been a constructive eviction by operation of law that such terminated the lease. Many authorities cited by appellee of equal weight and respectability hold that if a lessee desired to protect himself against such changes that he should have provided for such contingency in the lease, and having failed to do so he would not be relieved from the payment of rent. So far as we have been able to ascertain, this question has never been determined by any of the courts of Illinois; but conceding the view of appellant to be correct, we do not believe that the question sought to be made by the appellant is presented by this plea. The only matter that the plea sets up is that by reason of the vote it became unlawful to sell intoxicating liquors in said territory and building, and it had been impossible for the defendant to use said premises for saloon purposes as provided in said lease. This is not sufficient to relieve the appellant from the payment of rent. For aught that appears by this plea, the appellant continued in possession of the building until the expiration of the period for which it was leased. If the appellant relied upon an eviction, then it should have shown by its plea not only that it had become unlawful to sell liquor in the building but that it had surrendered or offered to surrender possession of the building to the appellee. This was appellant's plea and should have shown upon its face every fact necessary to constitute a complete eviction. The plea must be most strongly construed against the pleader. The facts set up by the plea do not pretend to show an eviction by force but such matters as constitute a constructive eviction, if anything.

What is necessary to constitute a constructive eviction? It is said in Woods Landlord and Tenant, page 798, in discussing the question of eviction by operation of law and otherwise: "But, in order to operate as an eviction, the act must not only be such as to warrant, but also such as was within a reasonable time followed by the tenant's giving up possession, and if he does not quit, but remains in possession, or does any act inconsistent with his right to abandon the premises, he will be treated as having waived the right, and the doctrine of constructive eviction will not apply, as such acts as create a constructive eviction amount to a right to abandon the premises rather than a bar to an action for rent, because the tenant may waive his rights arising from such acts; and by remaining in possession for an unreasonable time after their existence he is treated as having done so." It is said in the case of *Barrett v. Boddie,* 158 Ill. 484: "The eviction sought to be shown by appellant was constructive. The possession of the premises was retained by the tenant after the alleged acts of eviction. Possession retained after an alleged constructive eviction is a waiver of the right of abandonment. No constructive eviction exists without a surrender of possession. With retention of possession after constructive eviction, liability for rent exists, according to the terms of the lease, during occupancy thereunder." This plea fails to set forth a surrender of possession or offer to surrender the same to the appellee, and, having failed to do so, we are of the opinion that the plea failed to set up a defense to the action and is insufficient, and it would be unjust to allow the appellant to retain possession and avoid payment of the rent.

The court did not err in sustaining the demurrer to the plea, and the judgment of the lower court is affirmed.

*Judgment affirmed.*